

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of Louisiana*

---

*Mary Katherine Kaufman*
*Assistant United States Attorney*

*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3008*
*Fax: 504-589-4395*

May 28, 2024

Honorable Darrel James Papillion
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Room C-555
New Orleans, Louisiana 70130

> Re:     *United States v. Dondre Morgan*
>         Criminal Docket No. 23-47 "P"

Dear Judge Papillion,

In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Dondre Morgan, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Annalisa Miron, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

The defendant, Dondre Morgan, has been charged in an Indictment with two (2) counts of Mail Fraud in violation of Title 18, United States Code, Section 1349 and one (1) count of Making False Statements to Federal Agents in violation of Title 18, United States Code, Section 1001(a)(2). The Government will allow the defendant to plead guilty to Count 3 of the Indictment and agrees to dismiss the remaining counts at sentencing. The Government agrees not to bring any additional charges against Morgan arising out of his false statements to federal agents as detailed in the Indictment.

The defendant further understands that the maximum penalty defendant may receive should his plea of guilty be accepted is five years (5) years imprisonment and/or a fine of $250,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought

AUSA
Defendant D M
Defense Counsel

a discharge or a finding of dischargeability as to the restitution obligation. The Government and the defendant agree that the defendant will make restitution under the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, in the amount of $55,945.33.

Further, the defendant understands that a mandatory special assessment fee of $100.00 per count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to three (3) years pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a.        Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b.        Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

Page 2 of 4

AUSA
Defendant
Defense Counsel

c.     Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

d.     The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and Section 1B1.3 of the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendant obtained directly or indirectly as a result of the violation(s) to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Indictment or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Indictment or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty. With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, collateral challenges of any type, habeas corpus motions or petitions, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

AUSA
Defendant DM
Defense Counsel

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within defendant's possession. It is also understood that defendant will provide any and all financial information and documentation requested by the Government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense. The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represents defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Respectfully,

DUANE A. EVANS
UNITED STATES ATTORNEY

5/28/24

MARY CATHERINE KAUFMAN          Date
Assistant United States Attorney

ANNALISA MIRON          5/28/24
ANNALISA MIRON          Date
Attorney for the Defendant

DONDRE MORGAN          5/28/24
DONDRE MORGAN          Date
Defendant